*Payton & Hardin, for appellant.*

---

JOHN P. B. HILL AND AMOS HILL *v.* BARBARA MESSER AND JOHN RIGGS.

[Abstract Kentucky Law Reporter, Vol. 2—222.]

**Guardian and Ward.**

Where by the terms of a will a legacy is to be paid when the legatee becomes 18 years of age, the guardian has no right to collect the amount until his ward reaches such age; and the fact that the executors in charge of the money are wasting it will give the guardian no right to attach or collect the same and he is not liable for his failure to do so.

APPEAL FROM GREENUP CIRCUIT COURT.

February 5, 1881.

OPINION BY JUDGE PRYOR:

It is plain from the provision of the will under which the first-named appellee claims that she was not entitled to the legacy until her arrival at the age of 18 years, and that her guardian had no right to demand the principal until the same became due. The executors or parties required to pay it hold this money in trust for the appellants' ward until the period arrives for its payment.

While it is the duty of guardians to be vigilant in securing and protecting the estate of their wards, counsel for the appellees has failed to show any case, or reference to any recognized rule of law or equity, that would enable the guardian to collect this money from the trustee before it was due, or that conduced to establish the right in the guardian to coerce the collection, for the reason only that he was acting as such. A payment to the guardian is in law and equity a payment to the ward, and what right has either to this fund until the period arrives at which it becomes due? The

trustees may have been and were doubtless in failing circumstances, but this did not authorize an attachment against their estate. The guardian, upon the facts of this record, was left with his hands tied, for the reason that the devisor had seen proper to intrust this fund to the control of others until the beneficiary arrived at the age of 18 years. The devisor of this fund having placed it, as he had a right to do, beyond the reach of the guardian for a limited period, the fault is with him if loss is sustained, and not the guardian. The guardian did undertake in good faith to recover this money, and for the reasonable costs incurred he should be credited if he has made payment.

While the guardian might, perhaps, be unable to recover the interest of the executors or trustees until time had been given them to sell the estate and collect the money for that purpose, still the legacy should bear interest from the death of the testator or the probate of the will, as the interest was as much a devise as the principal fund; and we see no reason why the guardian could not have collected this interest.

The judgment making the appellants liable for the principal fund is *reversed* and the cause remanded for further proceedings consistent with this opinion.

This disposes of both the original and cross-appeal.

*E. F. Dulin, J. Davidson, for appellants.*

*T. H. Paynter, for appellees.*